UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATEO GONZALO MATEO LEON,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-03047-GJL

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Mateo Gonzalo Mateo Leon ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On August 24, 2026, Petitioner, through counsel, filed a federal habeas Petition under 28 U.S.C. § 2241, arguing that the revocation of his bond without an opportunity to be heard in a neutral forum violated his rights under the Due Process Clause of the Fifth Amendment. *Id.* As relief, Petitioner seeks either immediate release or, in the alternative, a conditional writ of habeas corpus directing that he be provided with a bond hearing. *Id.* at 12–13. Respondents to the Petition include Markwayne Mullin (the Department of Homeland Security ("DHS") Secretary), Todd Blanche (U.S. Attorney General), David Venturella (Acting Director of ICE), Julio Hernandez (Acting Field Office Director for ICE's

Seattle Field Office), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents").[1] The Petition has been fully briefed. Dkts. 1, 5, 8.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Petition (Dkt. 1) is **DENIED for failure to exhaust** administrative remedies and this action is **DISMISSED without prejudice**.

## I. BACKGROUND

In this matter, Petitioner challenges the legality of his current detention following revocation of Petitioner's release on monetary bond by immigration officials. Dkt. 1. Petitioner was released from immigration detention upon payment of bond surety on November 3, 2025. 7-3; Dkt. 1 at 2. On June 4, 2026, Petitioner was arrested by local law enforcement in Wasilla, Alaska, and charged with Operating Under the Influence and Refusal to Submit to a Chemical Test. Dkt. 7-3 at 3–4; *see also* Dkt. 1 at 3. The following day, immigration officials canceled Petitioner's release on bond and returned him to custody under the Government's discretionary detention authority. Dkt. 5 at 1; Dkt. 6 at 3; *see also* Dkt. 7-3 at 3–4; Dkt. 1 at 2.

Respondents do not dispute the facts of the case as represented in the Petition and, instead, argue the Petition should be denied based on Petitioner's failure to exhaust opportunities for individualized custody review by an Immigration Judge ("IJ") and, if necessary, further review the Board of Immigration Appeals ("BIA"). Dkt. 5 at 5–7. For his part, Petitioner does not dispute that 8 C.F.R. § 236.1(d)(1) provides an avenue for obtaining an individualized custody review by an IJ. *See* Dkt. 1; Dkt. 8. Petitioner also does not dispute that he has not invoked the available procedure for IJ review. *Id.* Instead, Petitioner contends that a custody review held pursuant to 8 C.F.R. § 236.1(d)(1) would not resolve the underlying due process

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

claim raised in his Petition and, therefore, exhaustion of that procedure should not be required before obtaining habeas review. Dkt. 8 at 5–6.

The Court agrees with Respondents that administrative exhaustion should be required in this case and concludes that Petitioner has not satisfied his burden of demonstrating waiver of exhaustion is warranted. Thus, the Court declines to reach the merits of Petitioner's procedural due process claim and, instead, **DENIES** the Petition (Dkt. 1) **for failure to exhaust** available administrative remedies as set forth below.

## II. DISCUSSION

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). The necessity of administrative exhaustion in § 2241 actions is governed by sound judicial discretion. *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992), *superseded by statutory amendment as noted in Booth v. Churne*r, 532 U.S. 731, 738 (2001). Nevertheless, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35–36, n.5 (2006).

To determine whether prudential exhaustion is appropriate, courts consider the following factors, often referred to as the *Puga* factors: (1) whether "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision," (2) whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme," and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Thus, in applying the *Puga* factors, courts should require administrative exhaustion where it would aid in

developing a more complete factual record for federal judicial review, prevent forum shopping, and conserve federal judicial resources by permitting agencies to correct their own mistakes where they are likely to do so.

Even if the *Puga* factors weigh in favor of requiring exhaustion, a petitioner may avoid the requirement by demonstrating any one of the following *Laing* factors applies in their case: (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury will result," or (4) "the administrative proceedings would be void." *Laing*, 370 F.3d at 1000 (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Aden v. Nielsen*, No. 2:18-cv-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citing *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1000 (N.D. Cal. 2018) and *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (declining to waive exhaustion requirement because petitioner has not "demonstrated grounds for excusing [them]")).

In this case, the Petitioner has not given Respondents an opportunity to apply agency expertise by reviewing the revocation of Petitioner's release on bond following a determination of changed circumstances by immigration officials. Waiving exhaustion would facilitate forum shopping and encourage detained noncitizens to deliberately bypass the established administrative scheme, which contemplates custody redeterminations by IJs, not federal district courts. Furthermore, the outcome of a custody redetermination hearing under 8 C.F.R. § 236.1(d)(1) may provide Petitioner the same relief he seeks in these proceedings and eliminate the need for habeas review. This is true, even if administrative review of the revocation of Petitioner's bond by immigration officials would not reach the specific constitutional claim raised in this suit. *Zuo v. Hermosillo*, No. 2:26-CV-00708-JHC, 2026 WL 809882, at *1 (W.D.

Wash. Mar. 24, 2026) (explaining that prudential exhaustion may be required for "issues with constitutional implications that may nonetheless be corrected by the BIA on appeal") (citations omitted).

Here, Petitioner challenges the procedures governing the revocation of his release on bond as constitutionally inadequate when reviewed under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 1 at 9–11. The *Mathews* inquiry requires the Court to consider, among other things, the risk of erroneous deprivation of Petitioner's liberty interest through the process afforded and the probable value of additional or substitute procedural safeguards. *Id.* at 335. There is no dispute that the applicable regulatory framework affords Petitioner an opportunity for individualized custody review before an IJ. *See* 8 C.F.R. § 236.1(d)(1). Although Petitioner contends that these procedures would still be inadequate, he asks the Court to assess the constitutional adequacy of the available procedures before he has invoked them.[2] Although the availability of custody redetermination by an IJ under 8 C.F.R. § 236.1(d)(1) does not necessarily resolve Petitioner's due process claim, Petitioner has not demonstrated why the Court should excuse exhaustion and undertake that inquiry before the administrative process has run its course.

Thus, applying *Puga,* the Court finds that requiring prudential exhaustion is appropriate in this case. *See Kim v. Mullin*, No. C26-0805-SKV, 2026 WL 948347, at *4 (W.D. Wash. Apr.

[2] The Court also notes that Petitioner relies on habeas decisions from this District addressing due process claims raised by noncitizens following revocation of prior release without either requiring or addressing administrative exhaustion. Dkt. 8 at 7 (collecting cases); *see also* Dkt. 1. Those cases are distinguishable insofar as they involve noncitizens whom the government maintained were subject to mandatory detention and therefore ineligible for individualized custody review. Here, by contrast, both Parties acknowledge that Petitioner is subject to discretionary detention, that applicable regulations afford Petitioner an opportunity for an individualized custody redetermination before an IJ, and that Petitioner has not invoked the available procedures. *See* Dkt. 5; Dkt. 8. Furthermore, given that Petitioner's procedural posture is distinguishable from the caselaw he cites, Petitioner's allegations that Respondents failed to provide "any process before or after re-detaining" him and that they continue to detain Petitioner "without providing him access" to an individualized bond hearing offer an incomplete picture of the procedures available to him and do not provide grounds for Petitioner to avoid administrative exhaustion. Dkt. 1 at 3.

8, 2026) (collecting cases and finding *Puga* factors weighed in favor of exhaustion where noncitizen did not invoke available procedures for obtaining bond redetermination decision by IJ before seeking habeas review).

The Court next considers whether waiver of the prudential exhaustion requirement is warranted. *Laing*, 370 F.3d at 1000. Petitioner's arguments for waiver are limited and primarily confined to a single paragraph in his Reply. Dkt. 8 at 5–6. Petitioner contends that continued detention pending review by an IJ and potential appeal to the BIA would separate him from his spouse and child and prevent him from providing care and support. *Id.*

The Court does not discount the hardship that immigration detention may impose on noncitizens and their families. However, in this case, Petitioner offers no individualized facts from which the Court could reasonably conclude that his continued detention pending agency review would cause irreparable harm sufficient to warrant waiver of administrative exhaustion. *E.g.*, *Calderon v. Mullin*, No. 2:26-CV-01512-GJL, 2026 WL 1487774, at *3 (W.D. Wash. May 28, 2026). For example, Petitioner does not identify any particular medical, financial, or other circumstances necessitating his immediate presence or support. *C.f. Ortega-Rangel*, 313 F. Supp. at 1003 (exhaustion requirement waived upon petitioner's showing that continued detention would interfere with her ability to present defense in ongoing criminal prosecution and to care for her 9-year-old daughter); *Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *2 (W.D. Wash. Apr. 13, 2026) (waiving prudential exhaustion where noncitizen presented "health and family care reasons for concluding that irreparable injury would result from requiring her to remain in custody while appealing the denial of bond to the BIA").

Moreover, even assuming *arguendo* that Petitioner has demonstrated individualized harm arising from his continued detention pending agency review, he has not established that requiring him to first seek review by an IJ pursuant to 8 C.F.R. § 236.1(d)(1) would unreasonably prolong

that harm. Although courts in this District have recognized that substantial delays associated with BIA appellate review may give way to irreparable harm sufficient to waive the exhaustion requirement, *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *2–3 (W.D. Wash. Jan. 30, 2026), Petitioner has not demonstrated that seeking custody redetermination before an IJ would result in comparable delay. Accordingly, Petitioner has not established that waiver of administrative exhaustion is warranted at this time.

As Petitioner has failed to demonstrate irreparable harm unique to him and has not clearly invoked or supported any other permissible factor for waiver of exhaustion under *Laing*, his Petition (Dkt. 1) is **DENIED for failure to exhaust**. Because dismissal is entered without prejudice, Petitioner **MAY** refile his claims in a separate action once he as exhausted the procedures available to him under to 8 C.F.R. § 236.1(d)(1).

## III. CONCLUSION

For the foregoing reasons, Petitioner's habeas Petition (Dkt. 1) is **DENIED for failure to exhaust** and this action is **DISMISSED without prejudice**.

Dated this 14th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge